|,CARTER, C.J.
L.L.P. & D. Marine, Inc. (defendant) seeks to annul a default judgment rendered against it in favor of Commercial Capital Holding Corporation d/b/a Commercial Capital Management (plaintiff), contending that plaintiff failed to present a prima facie case. For the following reasons we vacate the trial court’s judgment and remand this case for further proceedings.
A plaintiff seeking to obtain a default judgment must establish the elements of a prima facie case with competent evidence, as fully as though each allegation of the petition had been denied. The competent evidence must be sufficient to convince the court that it is probable plaintiff would prevail on a trial on the merits. La. C.C.P. art. 1702A; Cornish v. Doctors Care, LLC, 02-0285, p. 4 (La.App. 4th Cir.6/12/02), 819 So.2d 1158, 1161.
*207 Plaintiff alleges in its petition that it is a creditor of Camors Engine Company; that Camors owes plaintiff a sum in excess of $10,264.13; that Camors is a creditor of defendant; that Camors sold to plaintiff Camors’s accounts receivable, including debts owed by defendant to Ca-mors evidenced by four invoices; and that defendant therefore owes plaintiff $10,264.13, the total of those four invoices.
In support of its default judgment, plaintiff relies on the four invoices, two demand letters, an account acceptance schedule, an account receivable purchase agreement, and the affidavit of Bill R. Young, plaintiffs vice-president. In that affidavit Young averred that defendant’s account file was under his care, custody, and control; that he had reviewed the records; that the records show defendant owed $10,264.13, and that all of the allegations in the petition were true and correct to the best of his information, knowledge, and belief.
The four invoices attached to the account acceptance schedule are also attached to the petition. Curiously, however, the copies of the invoices attached to the petition also contain other information that makes it unclear whether these debts were actually owed by defendant. Attached to invoice number 9779 is a form stating the work was performed for Coastal Ventures. Attached to invoice number 9791 are two forms, one listing work for defendant and another listing work for Coastal Ventures. There are two | .¡copies of invoice 9760 attached to the petition. One is addressed to Fleet Operators but has a note handwritten at the bottom stating: “Credit on 9-8-00 Billed to Fleet Operators — should have been billed to LLP & D.” The other is addressed to defendant. The form describing the services rendered, however, lists the customer as Fleet Operators. Only invoice 9786 lists defendant on both the invoice and the attached form.
Nowhere in the record is there any explanation of these discrepancies in the invoices. The petition states: “Invoice number 9760 was billed to another entity in error; however, L.L.P. & D. does owe the sums stated on invoice number 9760.” Mr. Young’s naked statement in his affidavit that the allegations of the petition are true and correct is insufficient to clothe these discrepant invoices with reliability. For this reason, we find that plaintiff has failed to establish the elements of a prima facie case with competent evidence sufficient to convince the court that it is probable plaintiff would prevail on a trial on the merits. The default judgment in plaintiffs favor is hereby vacated, and this case is remanded to the trial court for further proceedings. Plaintiff is cast for all costs of this appeal.
VACATED AND REMANDED.